United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AL ZEINY,<br><br>        Plaintiff,<br><br>    v.<br><br>THE UNITED STATES OF AMERICA, et al.,<br><br>        Defendants. | Case No.17-cv-07023-HRL<br><br>**ORDER ON DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 14 |

Pro se plaintiff Dr. Al Zeiny ("Zeiny") sues the United States and the Central Intelligence Agency ("CIA") (collectively "Defendants"). Defendants move to dismiss the complaint under Rules 12(b)(1) and 12(b)(6). Dkt. No. 14. Having considered the papers, the Court finds this matter suitable for decision without oral argument. Civil L.R. 7-1(b). For the reasons described below, the Court grants the motion and dismisses the complaint without leave to amend.

All parties have consented to magistrate judge jurisdiction. Dkt. Nos. 13, 17.

## I. BACKGROUND

Zeiny, an Egyptian-born civil engineer and naturalized U.S. citizen, claims he is being harassed by rogue agents from the CIA. Dkt. No. 1 at 5. Zeiny has made similar accusations before. He filed suit in this district in 2012 and again in 2013, each time accusing the government of persecuting him. Judge Davila dismissed both cases on motions under Rules 12(b)(1) and 12(b)(6). *See Zeiny v. United States of America, et al.*, 5:13-cv-01220 EJD, 2014 WL 1051641 (N.D. Cal. 2014) ("*Zeiny II*"); *Zeiny v. United States of America, et. al.*, 5:12-cv-02752 EJD, 2012 WL 4845617 (N.D. Cal. 2012) ("*Zeiny I*").[1]

---

[1] Judge Davila concluded that this case was not related to the earlier cases. Dkt. No. 10.

The Court recounts only the allegations most relevant to resolution of this motion. The complaint contains a non-exhaustive list of twenty three acts of sabotage and harassment committed by the CIA against Zeiny. He says the CIA, partly in retaliation for the earlier lawsuits, wants to "make [Zeiny] an example in the community of what would happen to anyone that dares to complain or stand against the [CIA]." Dkt. No. 1 at 5. To that end, the CIA installed "transmitters" in Zeiny's ears and "in the ears of some of the key people" in his life. *Id.* at 8-10. The CIA used the transmitters to communicate with these key people, and thereby enlist them in the anti-Zeiny campaign. Id. The CIA also spied on Zeiny in his home using "harmful radiational imaging." *Id.* at 6.

CIA agents tampered with Zeiny's medications and drugged him with PCP. *Id.* at 5-6.

In 2014, Zeiny moved into an apartment in New Jersey, where he had found a job with a company called Enercon. The company dismissed Zeiny after only five days, and Zeiny was forced to give up the apartment. Zeiny alleges that the CIA was behind his ouster at Enercon, and behind his roommate's refusal to refund the security deposit on the apartment. *Id.* at 7-8.

On two occasions, agents left a decapitated animal carcass on the street near Zeiny's home. Zeiny says this was a death threat from the CIA. *Id.* at 9. Zeiny included photos of a dead animal lying in the street as an exhibit to his opposition. Dkt. No. 20, Ex. F.

The CIA also engaged in less extreme acts of harassment. Agents made unauthorized purchases with Zeiny's credit card and interfered with his online orders: Zeiny would order one thing on the internet, only to later receive something else. Dkt. No. 1 at 8-9. Zeiny "is not aware of someone who has the interest and ability to do so other than the [CIA]." *Id.* at 9. Agents also sabotaged Zeiny's home termite treatment, causing the pests to return a few months after a dodgy technician fumigated the house. *Id.* at 8

Zeiny says "he was told" that the CIA was behind his troubles. *Id.* at 6. He also says he observed "bizarre clues" and people acting in strange ways, which led him to conclude that CIA agents were pulling the strings. *Id.* at 6-8. In his opposition, Zeiny explains his refusal to elaborate on his sources as a strategic choice: "Zeiny receives his information from individuals who sympathize with him as well as relatives inside the CIA. He is not going to 'reward' them for

their help and support by blowing their cover." Dkt. No. 19 at 22.

Zeiny fears that the CIA or Egyptian security forces will arrest him and deprive him of his medications, without which, he says, he will die within three days. Dkt. No. 1 at 10-11.

Zeiny filed a complaint in December 2017 asserting two causes of action. First, Zeiny sues the United States for infliction of emotional distress. *Id.* at 11-12. His second cause of action is for an injunction against the CIA. *Id.* at 12. Defendants moved to dismiss, Dkt. No. 14, and Zeiny filed an opposition, Dkt. Nos. 19, 20.

## II. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(1)

A Rule 12(b)(1) motion challenges subject matter jurisdiction and may be either facial or factual. *Wolfe v. Strankman,* 392 F.3d 358, 362 (9th Cir. 2004). A facial 12(b)(1) motion involves an inquiry confined to the allegations in the complaint, whereas a factual 12(b)(1) motion permits the court to look beyond the complaint to extrinsic evidence. *Id.* When a defendant makes a facial challenge, all material allegations in the complaint are assumed true, and the court must determine whether lack of federal jurisdiction appears from the face of the complaint itself. *Thornhill Publ'g Co. v. General Tel. Elec.,* 594 F.2d 730, 733 (9th Cir. 1979). "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *Thompson v. McCombe,* 99 F.3d 352, 353 (9th Cir. 1996).

### B. Federal Rule of Civil Procedure 12(b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed under Federal Rule of Civil Procedure 12(b)(6). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantc Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In considering a motion to dismiss, a court accepts all of the plaintiff's factual allegations as true and construes the pleadings in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, a court will not assume the truth of legal conclusions, and must consider obvious alternative explanations for the defendant's behavior. *See*

3

*Eclectic Properties E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014) (*quoting Twombly*, 550 U.S. at 682). "Dismissal may also be based on the absence of a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A court must liberally construe pleadings by litigants who represent themselves. *See Haines v. Kerner*, 404 U.S. 519 (1972). Dismissal of a pro se complaint without leave to amend is proper only if it is "absolutely clear that no amendment can cure the defect." *Murphy v. United States Postal Serv.*, C 14-02156-SI, 2014 WL 4437731, at *2 (N.D. Cal. 2014) (*quoting Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980)).

## III. DISCUSSION

Zeiny's first claim is for intentional and negligent infliction of emotional distress, and Zeiny sues under the Federal Tort Claims Act, 28 U.S.C. § 2674 ("FTCA"). The claim is subject to dismissal under Rule 12(b)(6) because Zeiny fails to allege "enough facts to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Zeiny presents a litany of complaints about unfortunate events, some relatively trivial, like botched orders from online retailers, and others more serious, like death threats and poisoning with PCP. Yet the complaint does not include anything to plausibly tie those occurrences to Defendants. Zeiny does not offer any particulars as to who the rogue agents are or why they would go to such lengths to "make him an example in the community" for daring to file his other lawsuits. Dkt. No. 1 at 5. Zeiny says he cannot think of anyone other than the CIA who would have the interest or ability to, for example, cause his online purchases to go awry, *id.* at 9, but ultimately, the accusation is purely speculative. Zeiny's claim that he "was told" of CIA involvement but cannot reveal his sources – for fear of blowing their cover – is similarly inadequate. A plaintiff must put forward factual allegations sufficient to "raise a right to relief above the speculative level" such that the claim is "plausible on its face." *Twombly,* 550 U.S. at 556-57. Were the case to move forward, Zeiny would probably have to reveal his sources through discovery. That he refuses to do so now leaves his complaint lacking in the factual support needed to survive a motion under Rule 12(b)(6).

Zeiny's second claim, for an injunction against the CIA, is subject to dismissal under Rules 12(b)(1) and 12(b)(6). Zeiny asks the Court to bar the CIA from inflicting further emotional

4

distress on him, and to make sure that the guilty parties are punished. Dkt. No. 1 at 12. Zeiny clarifies that he is not suing under the FTCA, but instead under California Civil Procedure Code §§ 527.6 and 527.8. *Id.* Under § 527.6, a person may obtain injunctive relief to protect against harassment. Section 527.8 allows employees to seek injunctive relief against unlawful violence or threats in the workplace.

"A request for injunctive relief by itself does not state a cause of action . . . An injunction is a remedy, not a separate claim or cause of action. *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) (citations and quotation marks omitted). If injunctive relief is proper, it is because a plaintiff prevails on an independent cause of action or meets the necessary test for such relief under Federal Rule of Civil Procedure 65. *Ramos v. Chase Home Fin.*, 810 F. Supp. 2d 1125, 1133 (D. Haw. 2011). Defendants point out that some courts have treated requests for injunctive relief under Civ. Proc. Code § 527.6 as an independent cause of action. *See Everette v. Milburn*, No. 16-CV-05935-MMC, 2016 WL 7049034, at *1 (N.D. Cal. 2016) (quoting *Nakamura v. Parker*, 156 Cal. App. 4th 327, 225 (2007)). However, the United States and its agencies may only be sued when Congress has explicitly consented to suit. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). "Sovereign immunity is jurisdictional in nature. Indeed, the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." *Id.* (citation omitted). Waiver of sovereign immunity must be "unequivocally expressed" in the statutory text. *Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999) (citation omitted).

Here, to the extent Zeiny is simply asking for an injunction, he fails to state a cognizable claim because an injunction is a remedy, not an independent cause of action. Even if the Court were to treat his complaint as asserting independent claims under Cal. Civ. Proc. Code §§ 527.6 or 527.8, nothing in either statute suggests Congress "unequivocally expressed" its consent to be sued thereunder. The claim would therefore be subject to dismissal for lack of subject matter jurisdiction.

Finally, and more fundamentally, the complaint is subject to dismissal under the substantiality doctrine. "[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit,

wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." *Zeiny I*, 2012 WL 4845617, at *6 (*quoting Hagans v. Levine,* 415 U.S. 528, 537 (1974)); *cf. Ashcroft v. Iqbal*, 556 U.S. 662, 695-96 (Souter, J., dissenting) ("The sole exception to th[e] rule [that allegations must be credited at the pleading stage applies to] allegations that are sufficiently fantastic to defy reality as we know it: claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel."). One common theme in such cases is alleged harassment by the intelligence services. *See Ticktin v. CIA*, No. CV08-998-PHX-MHM, 2009 WL 976517, at *4 (D. Ariz. Apr. 9, 2009) (collecting cases). Another is plaintiffs who say the government put spying equipment in their bodies. *See, e.g.*, *Detar v. United States Gov't*, 174 F. Supp. 3d 566, 570 (D.D.C. 2016) (dismissing claim under substantiality doctrine where plaintiff alleged government implanted electrical device in his body).

Zeiny points out that dismissal under the substantiality doctrine is reserved for claims that are "essentially fictitious," "bizarre," "fantastic," and "supernatural." *Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994). He objects to comparisons with cases involving "little green men," insisting that his allegations are more plausible. As he puts it, "[B]eing paranoid about something does not mean it is not happening either." Dkt. No. 19 at 16.

Zeiny is right about the standard, but wrong about the conclusion. The Court is satisfied that the complaint presents precisely the kinds of insubstantial claims over which a federal court lacks jurisdiction. Accordingly, amendment would be futile, so the Court dismisses the entire complaint without leave to amend.

## IV. CONCLUSION

The hearing scheduled for March 20, 2018, is vacated. Because this order resolves the case, judgment will be entered and the Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: March 16, 2018

HOWARD R. LLOYD
United States Magistrate Judge